2010-50165
FILED
November 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003077080

United States Bankruptcy Court
Eastern District of California

IN RE:  Case No. _____

**STEWART, DONALD RICHARD & STEWART, LUCILE PAGUIO**  Chapter **13**
Debtor(s)

Last 4 digits of Soc. Sec. No.: **8729**
Last 4 digits of Soc. Sec. No.: **8016**

## CHAPTER 13 PLAN
☒ MOTION(S) TO VALUE COLLATERAL AND
☐ MOTION(S) TO AVOID LIENS
[check if motion(s) appended]

THIS PLAN AND THESE MOTIONS WILL BE CONSIDERED FOR CONFIRMATION AND APPROVAL AT A COURT HEARING. YOU WILL BE NOTIFIED OF THE HEARING DATE, TIME, LOCATION, AND THE DEADLINE FOR FILING AND SERVING WRITTEN OBJECTIONS. IN THE ABSENCE OF A TIMELY OBJECTION, THE COURT MAY DISPENSE WITH THE HEARING.

Debtor proposes the following Chapter 13 Plan effective from the date it is confirmed:

### Section I. Summary of Relevant Financial Information

| | |
|---|---:|
| **1.01.** Annualized current monthly income under section 1325(b)(4), Line 15, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Statement of CMI"). | $ 124,788.60 |
| **1.02.** Annualized current monthly income under section 1325(b)(3), Line 21, Statement of CMI. | $ 124,788.60 |
| **1.03.** Applicable median family income, Line 16, Statement of CMI. | $ 94,194.00 |
| **1.04.** Monthly net income from Line 20c of Schedule J. | $ 1,420.00 |
| **1.05.** *check applicable box and insert appropriate dollar amount* <br> ☒ If annualized current monthly income is greater than applicable median family income, projected monthly disposable income from Line 59 Statement of CMI. <br> *- or -* <br> ☐ If annualized current monthly income is equal to or less than applicable median family income, projected monthly disposable income calculated without reference to section 707(b)(2)(A) & (B). | $ 407.98 |
| **1.06.** The amount entered at section 1.05 multiplied by the commitment period (section 2.03). | $ 24,478.80 |
| **1.07.** The total amount that would be paid to unsecured, nonpriority claims if the estate of Debtor were liquidated under chapter 7 of the Bankruptcy Code. | $ 0.00 |

### Section II. Plan Payments and Commitment Period
*[If sections 2.01, 2.02, or 2.03 are blank, refer to the "Additional Provisions" below.]*

**2.01. Payments from earnings.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis a portion of Debtor's future earnings. Debtor shall pay to Trustee the sum of $ **1,420.00** each month. The monthly plan payment is subject to adjustment pursuant to section 3.10(d) below. Monthly plan payments must be received by Trustee not later than the 25th day of each month beginning the month after the petition is filed. The monthly plan payment includes all monthly contract installments due on Class 1 secured claims and adequate protection payments due on certain Class 2 secured claims, if any.
☐ Refer to "Additional Provisions" *[check if applicable].*
**2.02. Other payments.** In addition to the submission of future earnings, Debtor will make monthly payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows:
☐ Refer to "Additional Provisions" *[check if applicable].*
**2.03. Commitment period.** The monthly plan payments will continue for **60** months, the commitment period of the plan. Monthly plan payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full over a shorter period of time. If necessary to complete this plan, Debtor may make monthly payments for up to 6 months beyond the commitment

period, but in no event shall monthly payments continue for more than 60 months.
☐ Refer to "Additional Provisions" *[check if applicable]*.

## Section III. Claims and Expenses

A. Proofs of Claim

**3.01.** A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan.

**3.02.** Notwithstanding section 3.01, monthly contract installments falling due after the filing of the petition shall be paid to holders of Class 1 and Class 4 claims whether or not they have filed proofs of claim or the plan is confirmed.

**3.03.** Post-petition amounts due on account of domestic support obligations, loans from retirement or thrift savings plans of the types described in section 362(b)(19), and executory contracts and unexpired leases to be assumed shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**3.04.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

B. Administrative Expenses

**3.05. Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation but excluding direct payments on Class 4 claims.

**3.06. Fees of former chapter 7 trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the commitment period, each month for the duration of the plan.

**3.07. Administrative expenses.** Except to the extent the court approves, and the claimant agrees to, a different treatment, and unless section 1326(b)(3)(B) is applicable, approved administrative expenses shall be paid in full through the plan.

**3.08. Debtor's attorney's fees.** Debtor paid an attorney $ **1,500.00** prior to the filing of the petition. Any additional fees the court may approve shall be paid in full through this plan. Debtor estimates that a further $ **2,000.00** in attorney's fees will be incurred throughout this case.

C. Secured Claims

**3.09. Class 1. Long-term secured claims that were delinquent when the petition was filed and mature after the last payment under the plan.** This plan will cure all pre-petition arrears but not otherwise modify Class 1 claims. Each claimant will retain its existing lien and receive no less than the equal monthly amount specified below as its plan dividend. Trustee also shall pay all post-petition monthly contract installments falling due on each Class 1 claim.

| Class 1 Creditor's Name / Collateral Description | Monthly Contract Installment | Monthly Late Charge | Pre-petition Arrears | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. **None** | | | | | |

**3.10. Monthly contract installments paid by Trustee on Class 1 claims. (a)** If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor has listed Class 1 claims above. **(b)** Trustee will not make a partial payment on account of a monthly contract installment. **(c)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to pay timely a monthly contract installment due on a Class 1 claim, Debtor's cure of this default must be accompanied by the applicable late charge(s). **(d)** Upon their receipt, Debtor shall mail or deliver to Trustee all notices from Class 1 creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to Trustee, Debtor shall affix the chapter 13 case number to it. If any such notice advises Debtor that the amount of the contract installment payment has increased or decreased, the plan payment shall be adjusted accordingly.

**3.11. Class 2. Secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.** Each Class 2 claim will be paid in full, retain its existing lien, and receive no less than the equal monthly amount specified below as its plan dividend. The amount of a Class 2 claim shall be the amount due under any contract between Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and **(a)** was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of Debtor, or **(b)** the claim was incurred within 1-year of the filing of the petition and is secured by any other thing of value.

| | Class 2 Creditor's Name / Collateral Description | Purchase Money Security Interest? (Y/N) | Is Claim Subject to § 506(a)? Y/N | Claim Amount | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|---|
| 1. | REDWOOD CREDIT UNION / 2004 DODGE RAM, 1500 QUA | | Y | 15,191.00 | 5.00% | 364.90 |
| 2. | TRAVIS CREDIT UNION / 2008 Chrysler SEBRING, 30,000 | | N | 32,153.00 | 5.00% | 854.53 |
| 3. | GREEN TREE / 2ND DEED OF TRUST ON RESIDENCE | N | N | 44,939.94 | 0.00% | 0.00 |
| | SEE ADDITIONAL PROVISIONS ON GREEN TREE ON "LIEN STRIPPING" FOR THIS CREDITOR. | | | | | |

**3.12. Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount proposed by this plan as the dividend for each Class 2 claim. Adequate protection payments shall be disbursed by Trustee in connection with his customary month end disbursement cycle beginning the month after the petition is filed. If a Class 2 claimant is paid a monthly adequate protection payment, that claimant shall not be paid a monthly dividend after confirmation for the same month.

**3.13. Post-petition interest** shall accrue on Class 1 and 2 claims at the above rates. If the plan specifies a "0%"rate, no interest will accrue. However, if the provision for interest is left blank, interest at the rate of 10% per year will accrue.

**3.14. Class 3. Secured claims satisfied by the surrender of collateral.** Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 3 secured claim to repossess, receive, take possession of, foreclose upon, and exercise its rights and judicial and nonjudicial remedies against its collateral.

| Class 3 Creditor's Name / Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? Y/N |
|---|---|---|
| 1. None | | |

**3.15. Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 4 secured claim to exercise its rights against its collateral in the event of a default under the terms of its loan or security documentation provided this case is then pending under chapter 13.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1. WACHOVIA 1ST DEED OF TRUST ON RESIDENCE | 1,806.08 | 20025 |
| | | |

**3.16.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

D. Unsecured Claims

**3.17. Class 5. Unsecured claims** entitled to priority pursuant to section 507 shall be paid in full except as provided in section 3.18.

| Class 5 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|

| 1. None | | |
|---|---|---|

**3.18.** If the holder of a priority claim has agreed to accept less than payment in full, or if this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the claim holder and the treatment proposed shall be included in the Additional Provisions below. The failure to provide a treatment for a priority claim that complies with sections 1322(a)(2) or 1322(a)(4) is a breach of this plan.

**3.19. Class 6. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Class 6 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| 1. None | | |

**3.20. Class 7. General unsecured claims.** Claims not listed as Class 5 or 6 claims, and that are not secured by property belonging to Debtor, will receive no less than a **26.50** % dividend pursuant to this plan. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $ **92,983.94**.

### Section IV. Executory Contracts And Unexpired Leases

**4.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Unless a different treatment is required by section 365(b)(1) (which such treatment shall be set out in the Additional Provisions) any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim.

**4.02.** Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| 1. None | | | |

### Section V. Payment of Claims and Order of Payment

**5.01.** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**5.02. Distribution of plan payment.** Each month, the plan payments (see sections 2.01 and 2.02) must equal at least the aggregate of: (a) Trustee's fees; (b) any monthly contract installments due on Class 1 claims; (c) **$ 55.56** for administrative expenses described in section 3.06, 3.07, and 3.08, distributed between administrative claimants as specified in section 5.03; and (d) the monthly dividends specified above for Class 1 arrearage claims and Class 2 secured claims. To the extent the plan payments are not needed to pay contract installments on Class 1 claims, approved administrative expenses, Class 1 arrearage claims, or Class 2 secured claims, they shall be distributed on a pro rata basis first to Class 5 priority claims, second to holders of Class 6 unsecured claims, and third to Class 7 unsecured claims.

**5.03. Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 5.02 for administrative expenses of the types described in section 3.06, 3.07, and 3.08 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to section 3.06, then to holders of administrative expenses described in sections 3.07 and 3.08 on a pro rata basis.

**5.04.** Distributions on account of a Class 1, 2, 5, 6, or 7 allowed claim will be based upon the claim as demanded in the proof of claim rather than as estimated and characterized by this plan except to the extent the disposition of a claim objection, motion to value collateral, or lien avoidance motion requires otherwise.

### Section VI. Miscellaneous Provisions

**6.01. Vesting of property.** Any property of the estate scheduled under section 521 shall [*choose one*] ☒ revest in Debtor on confirmation or ☐ not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with

applicable law.

**6.02. Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and General Order 05-03, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's financial or business affairs without first obtaining court authorization. Except as provided in sections 364 and 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with sections 1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by section 1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** Upon Trustee's request, Debtor shall provide Trustee with a copy of any tax return, W-2 form, and 1099 form filed or received while the case is pending, and furnish Trustee with quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** Debtor shall provide to Trustee not later than the 15 days after the filing of the petition with written notice of the name and address of each person to whom Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §§ 464 & 466], and a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim.

**6.03. Remedies on default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor holding a Class 1 or 2 secured claim to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further plan payments on account of such secured claim, any portion of the secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim, and any deficiency remaining after the disposition of the collateral shall be satisfied as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor and Trustee.

### Section VII. Additional Provisions

**7.01.** Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form shall not be altered. This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set out on a separate page and shall be identified by a section number (7.02, 7.03, etc.).

7.02    SEE ADDITIONAL PROVISIONS AS SET FORTH ON THE FOLLOWING PAGES WHICH ARE REFERRED TO AND INCORPORATED BY REFERENCE HEREIN AS IF FULLY SET FORTH IN THIS CHAPTER 13 PLAN.

Dated: **November 1, 2010**

_____
Signature of Debtor

_____
Signature of Spouse (if applicable)

**LAW OFFICE OF ROBERT HALE McCONNELL**
**ROBERT McCONNELL**
**1206 GEORGIA STREET**
**VALLEO, CA  94590-6335**

ATTACHMENT M-3
Optional – Discard if not used
MOTIONS TO VALUE COLLATERAL
(Pursuant to subsections (a) and (d) of 11 U.S.C. § 506
and Federal Rule of Bankruptcy Procedure 3012)

(A separate motion must be filed as to each creditor)
NUMBER OF MOTIONS TO VALUE COLLATERAL IN THIS PLAN: 1
DOCKET CONTROL NUMBER ASSIGNED TO THIS MOTION TO VALUE COLLATERAL:

---

**NOTICE IS HEREBY GIVEN** that Debtor requests the court to value the property described below. This property secures the claim of the creditor named below. Debtor also requests that the amount of the creditor's secured claim not exceed the value of its security, less the claims of creditors holding senior liens or security interests. This determination will supercede any greater secured claim demanded in a proof of claim. Any objections to the creditor's claim are reserved and will be filed after the creditor has filed a proof of claim. In the opinion of the debtor, the collateral has the replacement value indicated below.

Name of the creditor whose collateral is being valued by this motion:
**REDWOOD CREDIT UNION**

Total amount of this creditor's claim:  $     **15,191.00**

Description of collateral [*For vehicles include the mileage on the date of the petition and a list of optional equipment. For real property, state the street address and a brief description of it such as "single family residence" or "ten-acre undeveloped lot"*]:
**2004 DODGE RAM, 1500 QUAD CAB, SLT. GOOD CONDITION, 65,000 MILES**

The amount owed to and the name of all creditors holding liens or security interests senior to the lien or security interest of the above-named creditor:

| Name of Creditor | Amount of Claim |
|---|---|
| | |

Debtor's opinion of the collateral's "replacement value":  $     **13,730.00**
    [as defined and limited by section 506(a)(2)]
Other information relevant to the resolution of this motion: I have based this opinion upon research in the Kelly Blue Book which shows the above figure for the private party value.

I (we) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: **November 1, 2010**

_____
Debtor

_____
Joint Debtor

EDC 3-080, Attachment M-3 (Rev. 02/02/2009)

7.02  DEBTORS WILL FILE, SERVE, AND SET FOR HEARING AN INDEPENDENT MOTION, PURSUANT TO SECTION 506(a) OF THE BANKRUPTCY COURT, TO VALUE THE COLLATERAL OF THE SECOND DEED OF TRUST HOLDER, GREEN TREE. THIS MOTION IS AND SHALL BE SPECIFICALLY INCORPORATED INTO THIS PLAN. UPON APPROVAL OF THE MOTION THE EFFECT WILL BE THAT THE VALUE OF THE SECURED CLAIM OF THIS CLASS 2 CREDITOR WILL BE $0.00, AND THE BALANCE UNSECURED. THE IMMEDIATE EFFECT OF THE GRANTING OF THIS MOTION WILL BE TO "STRIP" THE JUNIOR LIEN AGAINST THE PROPERTY THAT IS THE SUBJECT OF THOSE MOTIONS, AND HELD BY GREEN TREE

7.03  UPON COMPLETION OF THE CASE AND THE ENTITLEMENT OF THE DEBTORS TO A DISCHARGE, THE CLASS 2 CREDITOR, GREEN TREE, OR ANYONE HOLDING THROUGH OR AS A RESULT OF THIS CREDITOR, INCLUDING AS A HOLDER IN DUE COURSE, SHALL WITHIN 30 DAYS OF THE ENTRY OF THE DISCHARGE PROVIDE TO DEBTORS A LEGALLY SUFFICIENT DEED OF RECONVEYANCE SUITABLE FOR RECORDING WITH THE COUNTY RECORDER'S OFFICE OF THE COUNTY WHERE THE COLLATERALIZE REAL PROPERTY IS LOCATED. THIS CLASS 2 CREDITOR, OR ANY HOLDER IN DUE COURSE THEREOF, SHALL HAVE NO FURTHER SECURED INTEREST OR OTHER CLAIM AGAINST THE COLLATERAL OF THE DEBTORS IN THE PROPERTY COMMONLY KNOWN AS 3106 TENNESSEE STREET, VALLEJO, CA 94591

7.04.  UPON ENTRY OF DISCHARGE THE LIEN OF GREEN TREE, OR ANYONE HOLDING THROUGH OR AS A RESULT OF THIS CREDITOR, INCLUDING A HOLDER IN DUE COURSE, OR ANY UNDISCLOSED MORTGAGE HOLDER FOR WHOM GREEN TREE ACTS AS A SERVICING AGENT, THE LIEN AGAINST THE DEBTOR PROPERTY COMMONLY KNOWN AS 3106 TENNESSEE STREET, VALLEJO, CA 94591 SHALL AND CAN NOT BE ENFORCED, PURSUANT TO 11 U.S.C. §506, AND §1322(b)(2) AND §1327. THE LIEN SHALL BE VOIDED FOR ALL PURPOSES.

7.05  THIS COURT SHALL RETAIN ORIGINAL JURISDICTION BETWEEN THE DEBTORS AND THE CLASS 2 CREDITOR TO RESOLVE ANY AND ALL OUTSTANDING DISPUTES THAT MIGHT ARISE DURING OR AFTER THE CLOSE OF THIS CASE, INCLUDING THE ABILITY TO DETERMINE THE CLAIM OF THE DEBTOR'S THAT THEY ARE ENTITLED TO A DEED OF RECONVEYANCE FROM THIS CLASS 2 CREDITOR, OR ANY HOLDER IN DUE COURSE THEREOF. ONCE THE PLAN IS COMPLETED, IF THE CLASS 2 CREDITOR WILL NOT RECONVEY ITS DEED OF TRUST, THE COURT WILL ENTERTAIN AN ADVERSARY PROCEEDING, OR OTHER APPLICATION BY THE DEBTOR, TO REQUIRE THAT CREDITOR TO DO SO. UPON SUCH APPLICATION THE COURT SHALL ENTER AN APPROPRIATE FORM OF JUDGMENT VOIDING THE LIEN.

7.06 AS ADMINISTRATIVE FEES AND CLASS 2 CREDITORS, OR ANY ARREARS ON CLASS 1 CREDITORS ARE PAID IN FULL, THE TRUSTEE IS AUTHORIZED, BUT NOT REQUIRED, TO PAY TO THE REMAINING SECURED CREDITORS IN THE PLAN ANY ADDITIONAL AMOUNTS AS DETERMINED BY THE TRUSTEE TO RETIRE THE SECURED PORTION OF THE CLAIM AS EARLY AS POSSIBLE.

7.07 EXCEPT AS PROVIDED BY SEPARATE SUBSEQUENT ORDER OF THIS COURT, THE LIEN OF GREEN TREE SHALL NOT BE ENFORCED SO LONG AS THIS CHAPTER 13 CASE REMAINS IN EFFECT.

7.08 UPON ENTRY OF THE DISCHARGE DEBTOR SHALL BE CONSIDERED CURRENT FOR ALL PURPOSES WITH HIS FIRST DEED OF TRUST HOLDER FOR ANY CHARGES THAT MAY OTHERWISE ARISE PRIOR TO THE DATE OF THE FILING OF THIS CASE.

```
 1  LAW OFFICE OF ROBERT HALE McCONNELL
    ROBERT HALE McCONNELL, S.B. No. 54088
 2  1206 GEORGIA STREET
    VALLEJO, CA 94590-6335
 3  TELEPHONE: (707) 642-4500
    TELECOPIER: (707) 644-1305
 4

 5  Attorney for Debtor DONALD R. STEWART &
    LUCILE P. STEWART
 6
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No. 1NUM |
| DONALD R. STEWART & <br> LUCILE P. STEWART, | Chapter 13 |
| Debtors. | DECLARATION OF DEBTOR <br> <u>IN SUPPORT OF MOTION..</u> |
| | DCN: 1DCN <br> Date: 1HEARINGDATE <br> Ctrm: 1DEPT <br> Time: 1TIME. <br> 501 I STREET, 6TH FLOOR <br> SACRAMENTO, CA <br> Judge: 1JUDGE |

I, DONALD R. STEWART DECLARE AS FOLLOWS:

My name is DONALD R. STEWART. I am a debtor in this case. I am the a co-owner of the property described in Schedule A as 3106 TENNESSEE STREET, VALLEJO, CA 94591. I am married to LUCILE P. STEWART  This case was filed as an effort to reorganize debt.

The value of 3106 TENNESSEE STREET, VALLEJO, CA 94591 is     $185,000.00

The debt against 3106 TENNESSEE STREET, VALLEJO, CA 94591 is as follows:

- 4 -